UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RAHMEL MCLAUGHLIN,                                              **COMPLAINT**

                            Plaintiff,               Index No.:

      -against-                                          <u>Jury Trial Demanded</u>

CITY OF NEW YORK, THOMAS COREY, Individually,
MATTHEW AVELO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants.

--------------------------------------------------------------------------------X

       Plaintiff RAHMEL MCLAUGHLIN, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

       1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## <u>JURISDICTION</u>

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## <u>VENUE</u>

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RAHMEL MCLAUGHLIN is a thirty-four-year-old African American resident of the State of Arkansas.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, THOMAS COREY, MATTHEW AVELO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On August 2, 2015, beginning at approximately 7:00 p.m., on MacDougal Street, near Thomas S. Boyland Street, Brooklyn, New York, NYPD officers initiated a stop of the vehicle plaintiff was operating.

13.     During the traffic stop, approximately four defendant officers, believed to include defendants THOMAS COREY and MATTHEW AVELO, unreasonably and unlawfully physically removed plaintiff from his vehicle, and threw plaintiff to the ground.

14.     The defendant officers placed knees in plaintiff's back, on plaintiff's head, and on his ankle, causing plaintiff to sustain needless pain and suffering.

15.     Plaintiff was further kneed in the spine approximately three times.

16.     The defendant officers then placed handcuffs on plaintiff in an over tight manner, lifted plaintiff off the ground by his arms, underwear, and legs, and carried plaintiff to a NYPD motor vehicle and shoved him into the back seat of the vehicle so that he landed stomach down on the back seat.

17.     Plaintiff was not properly restrained and/or situated in said vehicle, so that when the officers closed the doors, the door struck plaintiff in the head and slammed on his right ankle.

18.     The defendant officers improperly maintained plaintiff in a stomach down position in the vehicle, causing plaintiff's breathing to be restricted, and ignored plaintiff's requests that his handcuffs be removed or loosened because they were too tight.

19.     After a period of time, a sergeant arrived at the scene, who also ignored plaintiff's requests for help.

20.     EMS thereafter arrived at the scene and plaintiff was transported in the custody of THOMAS COREY and MATTHEW AVELO to Interfaith Medical Center, where he received

3

treatment for the injuries the defendant officers had inflicted upon him.

21.     Plaintiff was released from custody at Interfaith Medical Center with a summons falsely charging plaintiff with disorderly conduct.  Said summons was conveyed to prosecutors for prosecution in a criminal court.

22.     Defendants JOHN and JANE DOE 1 through 10 participated in or failed to intervene in the above despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

23.     Defendant NYPD officers JOHN DOE 1 and 10 owed a duty to plaintiff to ensure his safety in their custody.

24.     Defendant NYPD officers JOHN DOE 1 and 10 breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody.

25.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiff RAHMEL MCLAUGHLIN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of using excessive force.

31.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from investigations by the New York City Department of Investigation Office of the Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

32.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf.  Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence

of excessive force.

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Defendants John Doe 1 and 2)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff RAHMEL MCLAUGHLIN'S constitutional rights.

38.     As a result of the aforementioned conduct of defendants, plaintiff RAHMEL MCLAUGHLIN was subjected to excessive force and sustained serious physical injuries and emotional distress.

6

39.     As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendant officers created false evidence against plaintiff.

42.     Defendants utilized this false evidence against plaintiff in legal proceedings.

43.     As a result of defendants' creation and use of false evidence, which defendants conveyed to prosecutors, plaintiff suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

44.     As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Defendant John/Jane Doe Defendants)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants had an affirmative duty to intervene on behalf of plaintiff RAHMEL MCLAUGHLIN, whose constitutional rights were being violated in their presence by other officers.

7

47. Defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN was subjected to excessive force and fabrication of evidence.

49. As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52. As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

8

municipality/authority, which is forbidden by the Constitution of the United States.

55.     The City of New York engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff RAHMEL MCLAUGHLIN'S rights as described herein.  As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RAHMEL MCLAUGHLIN.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RAHMEL MCLAUGHLIN as alleged herein.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RAHMEL MCLAUGHLIN as alleged herein.

59.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RAHMEL MCLAUGHLIN was subjected to physical abuse.

60.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RAHMEL MCLAUGHLIN'S

constitutional rights.

61.     All of the foregoing acts by defendants deprived plaintiff RAHMEL MCLAUGHLIN of federally protected rights, including, but not limited to, the right:

      A.     To be free from excessive force;

      B.     To be free from fabrication of evidence;

      C.     To be free from the failure to intervene; and

      D.     To be free from supervisory liability.

62.     As a result of the foregoing, plaintiff RAHMEL MCLAUGHLIN is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff RAHMEL MCLAUGHLIN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
      July 30, 2018

                            BRETT H. KLEIN, ESQ., PLLC
                            Attorneys for Plaintiff RAHMEL MCLAUGHLIN
                            305 Broadway, Suite 600
                            New York, New York 10007
                            (212) 335-0132

                            By:     __s/  Brett Klein_____
                                    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RAHMEL MCLAUGHLIN,

                          Plaintiff,

       -against-

CITY OF NEW YORK, THOMAS COREY, Individually,
MATTHEW AVELO, Individually, and JOHN and JANE DOE
1 through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                          Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132